# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| **COREY R. STEWART** | **CIVIL ACTION NO. 3:11-cv-0325** |
| LA. DOC #478693 | |
| VS. | **SECTION P** |
| | **JUDGE DONALD E. WALTER** |
| **WARDEN BILLY TIGNER, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Pro se plaintiff Corey R. Stewart, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983, along with a pleading styled "Writ of Habeas Corpus" on February 24, 2011. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the Jackson Parish Correctional Center (JPCC), Jonesboro, Louisiana and he complains about conditions of confinement at that facility. He sued Warden Billy Tigner, Sheriff Andy Brown, and Nurse Courtney Whitehead. (He initially named Chaplain Marvin Denton as a defendant, but subsequently dismissed him from the suit.) Plaintiff prayed for prospective injunctive relief – his transfer to the "Rayburn Correctional Center or any other state run facility (D.O.C.) in the Southern Region [and] provide protection from attacks of any kind while at Jackson Parish Correctional Center." This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

### *Background*

Plaintiff is an inmate in the custody of the LDOC serving hard labor sentence of 7 years and

6 months imposed by the Twenty-Fourth Judicial District Court, Jefferson Parish on August 16, 2007. He has been incarcerated at the JPCC for an unspecified period of time.

He complained that Warden Tigner has not answered grievances submitted by the plaintiff, and, he complained that, although the Warden was made aware that Rayburn Corrections Center had no objection to his transfer to that facility, he nevertheless refused to order such a transfer. Plaintiff also complained that the Warden "is aware of the limited medical staff."

Plaintiff complained that Sheriff Brown has failed to respond to plaintiff's September and November 2010 letters concerning plaintiff's medical condition. He also complained that JPCC "is a very unsafe environment (multiple stabbings) unprofessional staff along with a steady flow of drugs."

Plaintiff complained that in November and December 2010 he wrote a medical request to Nurse Whitehead concerning his mental health. Plaintiff complained of "racing thoughts, trouble concentrating and audible noises" and requested to see a psychiatrist or social worker. Instead, plaintiff was given psychiatric medication by a physician. Plaintiff also complained that he has yet to be examined by a psychiatrist, that his symptoms "have worsen", and, that his medications are routinely misplaced.

As noted above, plaintiff filed a pleading styled "Writ of Habeas Corpus." Therein he complained that the privatized prison system in which he was placed "... has an almost non existent rehabilitation program; no counselors or psychiatrist on staff." He also complained that his placement in north Louisiana violates LDOC policy which authorizes his placement in an LDOC facility located in the region near his home in Jefferson Parish. He prayed for an order granting his writ and directing the Warden "... to produce the body of [plaintiff] to the Department of Corrections,

i.e. Rayburn Correctional Center within 30 days..."

## *Law and Analysis*

### *1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and

is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff's' complaint succinctly sets forth the claims and the basis for each cause of action. Each of the claims has been analyzed under these standards. Plaintiff need not be permitted further amendment because his complaint – taken as true for the purposes of this report – fails to state a claim for which relief may be granted.

*2. Grievances*

To the extent plaintiff complains that his grievances directed to the Warden and Sheriff were unheeded, or that the grievance system is otherwise inadequate, he once again fails to state a claim for which relief may be granted. Simply put, there is no constitutionally protected interest in the processing of inmate grievances. *See Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir.2005). Additionally, plaintiff cannot show any injury from the failure to consider his grievances because, as shown herein, the alleged violations complained of in the grievances did not implicate his constitutional rights. *Compare Bell v. Woods*, 382 Fed. Appx. 391 (5th Cir. 2010) (unpublished), citing *Geiger v. Jowers, supra*, and *Bender v. Brumley*, 1 F.3d. 271 (5th Cir. 1993).

*3. Rehabilitation Programs*

Plaintiff implies that as an LDOC inmate, he is entitled to participate in rehabilitation or

educational services as mandated by various LDOC regulations and made available at LDOC facilities. He implies that these services are mandated by the Due Process clause of the Fourteenth Amendment. However, neither the Due Process clause, nor any other provision of the Constitution afford prisoners the constitutional right to educational or rehabilitative services or programs. *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir.1988); *Spurlock v. Gusman*, (E.D.La. 2010), 2010 WL 2102829, *Lathers v. Nelson Coleman Correctional Center*, Civ. Action No. 10–128, 2010 WL 1489903, * 10 (E.D.La. Mar. 22, 2010), adopted, 2010 WL 1485468 (E.D.La. Apr. 13, 2010); *Davis v. St. Charles Parish Correctional Center*, Civ. Action No. 10–98, 2010 WL 890980, *10 (E.D.La. Mar. 8, 2010); Morrison, 2010 WL 724173, *6; *Oatis v. St. Tammany Parish Sheriff's Office*, Civ. Action No. 09–6266, 2009 WL 3566120, *2–3 (E.D.La. Oct. 29, 2009); *Oglesby v. Gusman, Civ. Action No. 09–3593, 2009 WL 3254145, *2 (E.D.La. Oct. 7, 2009); *Sampson v. Corrections Corporation of America*, No. 08–CV–0915, 2009 WL 837640, *16 (W.D.La. Mar. 26, 2009); *Wilbon v. Gusman*, Civ. Action No. 05–2443, 2006 WL 2119458, *2 (E.D.La. July 25, 2006); see also *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir.1991) (Prisoners do not have a constitutional right to "social services.")*; Lato v. Attorney General of U.S.*, 773 F.Supp. 973, 978 (W.D.Tex.1991) (citing *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir.1988), *Newman v. State of Alabama*, 559 F.2d 283, 292 (5th Cir.1977), rev'd in part on other grounds *sub nom*., *Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978)(Prisoners do not possess a protected liberty interest in educational programs, recreation opportunities, or in avoidance of being transferred to facilities where the programs are less comprehensive. The United States Constitution does not mandate educational, rehabilitative, or vocational programs.); *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir.1995), citing *Moody v. Daggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 279 n. 9,

50 L.Ed.2d 236 (1976) (There is no federal constitutional right to participate in an education or rehabilitative program while incarcerated.); *Randall v. Director, TDCJ-CID*, Civil Action No. 09-306 (ED Tex 2010), 2010 WL 1903772.

Likewise, plaintiff is not entitled to relief under the Eighth Amendment's prohibition of cruel and unusual punishment. The lack of a rehabilitation programs does not by itself constitute cruel and unusual punishment, nor does the Eighth Amendment require the provision of every amenity needed to avoid mental, physical, or emotional deterioration. *See Alberti v. Klevenhagen*, 790 F.2d 1220, 1228 (5th Cir. 1986), citing, *Newman v. Alabama*, 559 F.2d 283, 291 (5th Cir.1977), *cert. denied*, 438 U.S. 915, 98 S.Ct. 3144, 57 L.Ed.2d 1160 (1978).

Clearly, plaintiff's claim that he is being denied educational or rehabilitation programs in violation of Louisiana law and the Constitution of the United States, fails to state a claim for which relief may be granted.

### *4. Failure to Protect*

Plaintiff implies that there are instances of inmate violence and drug use at the JPCC. He asks the court to order JPCC to protect him. The Eighth Amendment imposes a duty on prison officials to "'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)). Not "every injury suffered by one prisoner at the hands of another," however, "translates into constitutional liability for prison officials responsible for the victim's safety." *Id.*, 511 U.S. at 834. Rather, a prisoner must demonstrate both that (1) "he is incarcerated under conditions posing a substantial risk of serious harm" and (2) the defendant prison official's state of mind is one of "deliberate indifference" to the prisoner's safety. *Id.*; *Horton v. Cockrell*, 70 F.3d at 401.

Here, plaintiff has not alleged that he was the victim of inmate violence; nor has he offered any evidence to suggest that he has a credible fear of such an attack. He thus fails to state a claim for which relief may be granted.

*5. Medical Care*

The constitutional right of a convicted prisoner to safe conditions of confinement and prompt and adequate medical care is based upon the Eighth Amendment's prohibition of cruel and unusual punishment. Rights guaranteed under the Eighth Amendment are violated only if the defendants act with deliberate indifference to a substantial risk of serious harm which results in injury. Deliberate indifference requires that the defendants have subjective knowledge of the risk of harm. Mere negligence or a failure to act reasonably is not enough. The defendants must have the subjective intent to cause harm. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Thus, in order to establish an actionable constitutional violation a plaintiff must allege facts tending to establish that the defendants were deliberately indifferent to his serious medical needs and safety. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials " 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' " *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted). Plaintiff's pleadings fall far short of alleging facts sufficient to establish deliberate indifference on the part of any of the named defendants or any of the other corrections officers or healthcare officials identified in his pleadings.

As a matter of fact, it is manifestly obvious that plaintiff simply disagrees with the diagnosis

7

and course of treatment that were recommended by the unnamed physician who has prescribed psychiatric medication for him. Plaintiff's disagreement with the diagnosis and course of treatment that was ultimately provided to him falls far short of establishing deliberate indifference since mere disagreement with medical diagnosis or treatment does not state a claim under the Eighth Amendment. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997), citing *Young v. Gray*, 560 F.2d 201, 201 (5th Cir.1977); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir.1985).

In addition, plaintiff implies that the medical staff sometimes forget to provide his medication. Plaintiff thus implies negligence or malpractice on the part of these defendants. However, deliberate indifference is not the equivalent of negligence; deliberate indifference "describes a state of mind more blameworthy than negligence." *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Under the deliberate indifferent standard, it is not sufficient that defendants should have known of a substantial risk; they must have actual knowledge of the risk and must thereafter have ignored it. In other words, a civil rights plaintiff must allege and prove that each of the defendants knew of and then disregarded an excessive risk of injury to him, and, that they were both aware of the facts from which the inference could be drawn that a substantial risk of serious harm existed, and that they drew that inference. *Id.* at 837.

Plaintiff maintains that the medications are ineffective; however, under the standard of deliberate indifference, evidence of unsuccessful medical treatment, negligence, neglect, or even gross medical malpractice is insufficient. *Gobert v. Caldwell*, 463 F.3d 339, 347 (5th Cir.2006); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999) ("[A]lthough inadequate medical treatment may, at a certain point, rise to the level of a constitutional violation, malpractice or negligent care does not."); *Graves v. Hampton*, 1

8

F.3d 315, 319 (5th Cir.1993) ("It is firmly established that negligent or mistaken medical treatment or judgment does not implicate the eighth amendment and does not provide the basis for a civil rights action.").

In short, "[T]he decision whether to provide additional treatment is a classic example of a matter for medical judgment." *Gobert*, 463 F.3d at 346. For that reason, mere disagreement with medical diagnosis and treatment does not state a claim for deliberate indifference to serious medical needs under the Eighth Amendment. *Id.* Even if a lapse in professional judgment occurred, any such failure amounts to mere negligence or malpractice, and not a constitutional violation. *Harris v. Hegman*, 198 F.3d 153, 159 (5th Cir.1999). Federal constitutional protections are not violated merely because an inmate's medical treatment was unsuccessful or because a condition persisted despite treatment. *Gobert*, 463 F.3d at 346.

*6. Transfer to an LDOC Facility*

Finally, plaintiff prays only for prospective injunctive relief in both his complaint and his attached "Writ of Habeas Corpus." He thus argues that he is entitled to have the Court order his present custodians to transfer him to an LDOC facility which provides safety, rehabilitation programs, appropriate medical care, and, which is closer to his home. Plaintiff is not entitled to such relief.

Under Louisiana law, "any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Louisiana Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department. The director of corrections shall assign each newly committed inmate to an appropriate penal or correctional facility. The director may transfer an inmate from one such facility to another, insofar

9

as the transfer is consistent with the commitment and in accordance with treatment, training and security needs established by the department...” See La. R.S.15:824(A).

Plaintiff is an LDOC inmate and therefore his placement is solely within the purview of the LDOC. Broad discretionary authority must be afforded to prison administrators because the administration of a prison is "at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974) To hold that any substantial deprivation imposed by prison authorities triggers the procedural protections of the Due Process Clause would subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts. *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston*, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948).

Prisoners simply do not have a constitutionally derived liberty interest in being held in any particular institution. *See Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); *Adams v. Gunnell*, 729 F.2d 362, 368 (5th Cir. 1984); *Oladipupo v. Austin,* 104 F.Supp.2d 643 (W.D.La. 2000). Plaintiff's allegation to the contrary and his request for a transfer fails to state a claim for which relief may be granted.

*Recommendation*

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaints be **DISMISSED WITH**

**PREJUDICE** as frivolous, for failing to state a claim on which relief may be granted, and for requesting money damages from the LDOC, an entity that is immune from such a suit, all in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, May 17, 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE